## EHRMAN v. SIMPSON.

(Supreme Court, Appellate Term. May 15, 1908.)

REPLEVIN—IDENTIFICATION OF PROPERTY.

　　Where, in replevin to recover a diamond ring alleged to have been stolen, it was admitted that the setting was not the same as the one stolen, and there was no evidence on plaintiff's behalf that there were any peculiarities of cutting or color, etc., by which the ring could be identified, and the evidence also showed a difference in the weight of the stones, there was no sufficient identification to sustain a verdict for plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Alvis C. Ehrman against Robert Simpson. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

James J. McInerney (Clark & Taylor, of counsel), for appellant. Edward V. Conwell, for respondent.

PER CURIAM. The action was brought to replevy a diamond ring alleged to have been wrongfully detained by the defendant from the plaintiff. The pleadings were oral. A case was sought to be made out on behalf of the plaintiff by two distinct branches of evidence—one an attempt to trace the diamond in question from one person to another on its alleged course from the hands of the thief who stole the ring from the plaintiff to the hands of the defendant. The testimony of Officer Carey shows what gaps there were in the evidence in this regard.

Neither was the attempt to identify the stone, discovered in the shop of the defendant and produced at the trial, as the same stone that was taken from the plaintiff, any more successful. The first identification was made by Officer Carey; but his opinion, as appears clearly from the record, was based, not upon the appearance of the diamond itself, but of the setting, which he had marked at the time he found it in the possession of the defendant. It was admitted that the setting—that is, the ring itself—was not the same as the one stolen from the plaintiff; the claim being made that the stone had been removed and reset in another setting and ring. When the plaintiff and her sister were called upon to identify the stone, there were several other similar rings and stones in court produced by the defendant, and, instead of being required to select and identify the diamond they claimed from the collection present, they were informed which ring Officer Carey had identified, and thereupon they gave it as their opinion that the stone was the same as the one stolen. It is not claimed, on behalf of the plaintiff, that there were any peculiarities of cutting or color, or of any other character, known or visible to the plaintiff and her sister, which served them as marks for identification. On the contrary, it would appear from their testimony that there were no such peculiarities known to them. It appeared by the testimony of the defendant's witnesses, however, that by the use of a

microscope some such marks, consisting of a slight flaw and an abrasion or "feather," couid be detected.

Furthermore, the plaintiff's evidence was that the stone stolen from her weighed $2+\frac{1}{4}+\frac{1}{64}$ carats; while the stone identified by her and her witnesses weighed, according to the uncontradicted evidence of the defendant's witness Tweedy, $1+\frac{3}{4}+\frac{1}{16}$ carats.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.